1  Peter R. Afrasiabi, Esq. (Bar No. 193336)
   Email: pafrasiabi@onellp.com
2  John Tehranian, Esq. (Bar No. 211616)
   Email: jtehranian@onellp.com
3  ONE LLP
   4000 MacArthur Boulevard
4  West Tower, Suite 1100
   Newport Beach, California 92660
5  Telephone: (949) 502-2870
   Facsimile: (949) 258-5081
6
7  Attorneys for Plaintiff
   X17, Inc.

FILED   **COPY**

10 NOV -5 PM 4: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

X17, INC., a California corporation,

   Plaintiffs,

v.

HOLLYWOOD.COM, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,

   Defendants.

Case No. CV10 8461 JHN (JCx)

**COMPLAINT FOR:**

1) **UNITED STATES COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

2) **UNITED KINGDOM COPYRIGHT INFRINGEMENT (COPYRIGHT, DESIGNS AND PATENTS ACT 1988, § 96)**

3) **CANADIAN COPYRIGHT INFRINGEMENT (CANADIAN COPYRIGHT ACT, R.S. 1985 c. Ch. 42)**

**DEMAND FOR JURY TRIAL**

X17, INC. ("X17"), by and through its attorneys of record, complains against HOLLYWOOD.COM, LLC. and DOES 1 through 10 ("DOES") (collectively "Defendants"), alleging as follows:

16728.1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendant HOLLYWOOD.COM, LLC and DOES 1 through 10 for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyright), and pendent jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

3. Defendants are subject to the personal jurisdiction of this Court and venue is proper in this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) in that the acts of infringement complained of herein occurred in this Judicial District and the Defendants reside, may be found and/or transact business in this Judicial District.

## PARTIES

4. Plaintiff X17 is a California corporation with a principal place of business in Pacific Palisades, California.

5. Plaintiff is informed and believes, and upon such, alleges that Defendant Hollywood.com, LLC is a Delaware limited liability company with its principal place of business at 2255 Glades Road, Suite 221-A, Boca Raton, Florida 33431 that is both licensed to do and does business in the state of California and this judicial district and serves as owner, operator and publisher of the website located at http://www.hollywood.com and its affiliate sites.

6. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

16728.1

2

COMPLAINT

7. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiffs' damages as alleged herein were proximately caused by such Defendants.

## FACTS

8. Since at least 2001, Plaintiff has owned and operated one of the world's leading archives of celebrity-related photographs and has held all intellectual property rights, including copyrights, thereto.

9. For valuable consideration, X17 has licensed the rights to reproduce its copyrighted works in copies, distribute copies of its copyrighted works, and publicly display copies of its copyrighted works, or derivative versions thereof, to hundreds of magazines, newspapers, television stations and other prominent media outlets throughout the world.

10. X17 is particularly renowned for its timely photographs covering breaking news events and its images of leading stories of the day. Media outlets seeking to scoop the competition and provide their viewers with the most vivid visual depictions of celebrity-related news stories consistently rely on licensing arrangements with X17 for the use of X17's copyrighted photographs.

11. X17 also operates a Web log, or "blog," located at http://www.x17online.com. The blog provides a series of journal-like entries with celebrity gossip and photographs. X17 posts many of its photographs on its blog. Hundreds of thousands of viewers per month come to www.x17online.com to view celebrity-related photography and learn about the latest celebrity-related news stories.

12. Plaintiff is informed and believes and, upon such, alleges that Defendants own, operate and publish a commercial website located at http://www.hollywood.com, and own, operate, publish and/or host a series of "fansites" dedicated to popular celebrities such as Britney Spears (http://www.worldofbritney.com), Ashlee Simpson (http://www.ashelee-

16728.1

3

**COMPLAINT**

1  star.com), and Justin Timberlake (http://www.worldofjustin.com), among many others.
2  Inter alia, Defendants' websites provide visitors with high resolution celebrity photographs.

3      13.   Defendants' sites target and reach a worldwide audience, including users
4  throughout the United States, Canada and the United Kingdom.

5      14.   Indeed, X17 and Defendants are business competitors running celebrity-
6  related photography blogs aimed at similar demographics, markets and viewers.

7      15.   Plaintiff is informed and believes and, upon such, alleges that Defendants'
8  websites receive millions of viewers per month and generates thousands of dollars per day
9  in advertising revenue from their web traffic.

10     16.   On or about November 9, 2007, Defendants posted, published and/or hosted
11 on their website 5 high resolution photographs of actress Reese Witherspoon with actor
12 Jake Gyllenhaal, the copyrights to which belong to X17. Defendants thereby reproduced
13 X17's copyrighted work in copies, distributed copies of the copyrighted works, and
14 publicly displayed copies of the copyrighted works, or derivative versions thereof, in
15 violation of the exclusive rights secured under 17 U.S.C. § 106 and Canadian and United
16 Kingdom law that X17 holds in the photograph. A copy of these infringing images, as they
17 appeared on Defendants' website, is attached as Exhibit A.

18     17.   On or about July 7, 2008, Defendants posted, published and/or hosted on their
19 website 47 high resolution photographs of singer Britney Spears, the copyrights to which
20 belong to X17. Defendants thereby reproduced X17's copyrighted work in copies,
21 distributed copies of the copyrighted works, and publicly displayed copies of the
22 copyrighted works, or derivative versions thereof, in violation of the exclusive rights
23 secured under 17 U.S.C. § 106 and Canadian and United Kingdom law that X17 holds in
24 the photograph. A copy of these infringing images, as they appeared on Defendants'
25 website, is attached as Exhibit B.

26     18.   Plaintiff is informed and believes and, upon such, alleges that Defendants have
27 posted, published and/or hosted hundreds, if not thousands, of other images whose
28 copyrights belong to X17. Defendants have thereby reproduced hundreds, if not thousands,

of X17's copyrights works in copies, distributed copies of the copyrighted works, and publicly displayed copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights secured under 17 U.S.C. § 106 and Canadian and United Kingdom law that X17 holds in the photograph.

19. Since at least 2007, Defendants have received myriad warnings regarding X17's intellectual property rights and their willful, wanton and brazen infringement of these rights, yet they have chosen to knowingly ignore these warnings and have regularly and egregiously infringed X17's rights in its copyrighted photographs.

20. Although Defendants have claimed they are shielded from liability under the safe harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512, Defendants enjoy no such safe harbor.

21. Inter alia, Defendants have failed to meet § 512(i)(1)'s termination requirements for repeat infringers, possess actual or constructive knowledge of infringements in violation of § 512(c)(1)(A), and face vicarious liability which is not immunized from liability pursuant to § 512(c)(1)(B).

22. Most fundamentally, however, Defendants indisputably enjoy no safe harbor for acts of infringement that occurred prior to October 23, 2008 since, upon information and belief, Defendants failed to designate an agent to the Copyright Office, as required by 17 U.S.C. § 512(c)(2), until October 23, 2008, at the earliest.

23. All told, Defendants have engaged in at least 52 acts of willful copyright infringement (and, upon information and belief, subject to discovery, likely hundreds, if not thousands, of more acts of willful infringement), each potentially subject to a maximum statutory damages penalty of up to $150,000 per act of infringement—resulting in a potential claim of at least $7,800,000 in statutory damages against them under United States law—a maximum statutory damages penalty of up to $20,000 per act of infringement—resulting in a potential claim of at least $1,040,000 in statutory damages against them under Canadian law—and punitive/"additional damages" under United Kingdom law.

24.  For an unknown period of time, Defendants have offered copies of X17's Copyrighted Photographs, thereby reproducing X17's copyrighted works in copies, distributing copies of the copyrighted works, and publicly displaying copies of the copyrighted works, or derivative versions thereof, in violation of the exclusive rights under 17 U.S.C. § 106 and Canadian and United Kingdom law that X17 holds in the Copyrighted Photographs

25.  It is unknown how long these alleged violations have been occurring. However, violations of X17's exclusive rights under 17 U.S.C. § 106 and Canadian and United Kingdom law by Defendants appear to be widespread, and in willful, wanton and brazen disregard of X17's legal rights.

## FIRST CLAIM FOR RELIEF

### (United States Copyright Infringement, 17 U.S.C. § 501, against all defendants)

26.  Plaintiff X17 incorporates here by reference the allegations in paragraphs 1 through 25 above.

27.  Plaintiff X17 is the owner of all rights, title and interest in the copyrights to each and every one of the 52 photographic works identified and displayed in Exhibit C (the "Copyrighted Photographs") attached hereto.

28.  Each and every one of the Copyrighted Photographs identified and displayed in Exhibit C substantially consist of material wholly original with Plaintiff and are copyright subject matter under the laws of the United States.

29.  For each and every one of the Copyrighted Photographs, Plaintiff X17 has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. Moreover, X17 has properly and timely applied for registration for each and every one of the Copyrighted Photographs with the United States Copyright Office.

30.  Defendants have directly, vicariously, and/or contributorily infringed and/or induced infringement, and unless enjoined, will continue to infringe X17's copyrights by

reproducing, displaying, distributing and utilizing for purposes of trade unauthorized derivative versions of the Copyrighted Photographs and the copyrighted elements therein in violation of 17 U.S.C. § 501 *et seq.*

31. Defendants have willfully and intentionally infringed, in disregard of and with indifference to the rights of X17, and unless enjoined, will continue to infringe X17's copyrights by knowingly reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized derivative versions of the Copyrighted Photographs and the copyrighted elements therein.

32. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization for purposes of trade and promotion of derivative versions of the Copyrighted Photographs and the copyrighted elements therein, including but not limited to obtaining an unfair business advantage over their competitors, including Plaintiff.

33. All of the Defendants' acts are and were performed without the permission, license or consent of X17.

34. The said wrongful acts of Defendants have caused, and are causing, great injury to X17, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, X17 will suffer irreparable injury, for all of which it is without an adequate remedy at law. According, X17 seeks a declaration that Defendants are infringing X17's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of X17's copyrights.

35. As a result of the acts of Defendants alleged herein, X17 has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## SECOND CLAIM FOR RELIEF

## (United Kingdom Copyright Infringement, United Kingdom Copyright, Designs and Patents Act 1988, § 96, against all defendants)

36. Plaintiff X17 re-alleges and incorporates herein by reference every allegation contained in paragraphs 1 through 35.

37. Plaintiff X17 is the owner of all rights, title and interest in the copyrights to each and every one of the 52 photographic works identified and displayed in Exhibit C (the "Copyrighted Photographs") attached hereto.

38. Each and every one of the Copyrighted Photographs identified and displayed in Exhibit C substantially consist of material wholly original with Plaintiff and are copyright subject matter protect under the laws of the United Kingdom and its Copyright, Designs and Patents Act 1988, § 96 et seq.

39. Pursuant to the Berne Convention for the Protection of Literary and Artistic Works, to which the United Kingdom is a signatory and member, United Kingdom law and its Copyright, Design and Patent Act 1988 establishes that all the dispositions of the law are equally applicable to creative works published in foreign countries, whatever the nationality of their authors is, so long as those author's nation of origin is a signatory to the Berne Convention.

40. X17 is a corporation incorporated in the state of California of the United States, and the United States is a signatory to the Berne Convention.

41. Under the principle of national treatment, therefore, the copyright protection granted to the creative works of X17 is the same as that which United Kingdom law would grant to the creative works of a United Kingdom author.

42. Pursuant to the Berne Convention, national treatment for foreign works is given without any formality. Article 5° paragraph 2 of the Convention states that the enjoyment and the exercise of these rights will not be subordinated to any formality and both are independent of the existence of protection in the country of origin of the work. As a consequence, X17's creative works obtain national treatment without any formality.

43. Defendants have directly, vicarious and/or contributorily infringed, and unless enjoined, will continue to infringe X17's United Kingdom copyrights in violation of United Kingdom Design, Copyright and Patent Act 1988, § 96 et seq., by reproducing, displaying, distributing and utilized for purposes of trade unauthorized derivative versions of the Copyright Photographs and the copyrighted elements therein, in the United Kingdom, where, upon information and belief, a significant number of users of the relevant infringing sites owned, operated, published and/or hosted by of the Defendants reside in the United Kingdom.

44. Defendants have willfully infringed, and unless enjoined, will continue to infringe X17's United Kingdom copyrights in violation of United Kingdom Copyright, Designs and Patents Act 1988, § 96, by knowingly reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized derivative versions of the Copyrighted Photographs and the copyrighted elements therein.

45. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization for purposes of trade and promotion of derivative versions of the Copyright Photographs and the copyrighted elements therein.

46. All of the Defendants' acts are and were performed without the permission, license or consent of X17.

47. The said wrongful acts of Defendants have caused, and are causing, great injury to X17, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, X17 will suffer irreparable injury, for all of which it is without an adequate remedy at law. According, X17 seeks a declaration that Defendants are infringing X17's copyrights and an order under United Kingdom Copyright, Designs and Patent Act 1988, § 96 et seq., enjoining Defendants from any further infringement of X17's copyrights.

48. As a result of the acts of Defendants alleged herein, X17 has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits,

injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## THIRD CLAIM FOR RELIEF

### (Canadian Copyright Infringement, Copyright Act, § 34, against all defendants)

49. Plaintiff X17 realleges and incorporates herein by reference every allegation contained in paragraphs 1 through 48.

50. Plaintiff realleges that it is the owner of all rights, title and interest in the copyrights to the "Copyrighted Works."

51. Each and every one of the copyrighted works identified and displayed in Exhibit C substantially consist of material wholly original with Plaintiff and are copyright subject matter protected under the laws of the Canada and its Copyright Act § 34 *et seq*.

52. Pursuant to the Berne Convention for the Protection of Literary and Artistic Works, to which Canada is a signatory and member, Canadian law and its Copyright Act establish that all the dispositions of the law are equally applicable to creative works published in foreign countries, regardless of the author's nationality, so long as the author's nation of origin is a signatory to the Berne Convention.

53. X17 is a corporation incorporated in the state of California of the United States, and the United States is a signatory to the Berne Convention.

54. Under the principle of national treatment, therefore, the copyright protection granted to the creative works of X17 is the same as that which Canadian law would grant to the creative works of a Canadian author.

55. Pursuant to the Berne Convention, national treatment for foreign works is given without any formality. Article 5 paragraph 2 of the Convention states that the enjoyment and the exercise of these rights will not be subordinated to any formality and both are independent of the existence of protection in the country of origin of the work.

As a consequence, the Copyrighted Works obtain national treatment without any formality.

56. Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe X17's Canadian copyrights in violation of the Copyright Act, § 34 *et seq.*, by reproducing, displaying, distributing and utilizing for purposes of trade unauthorized derivative versions of the copyrighted works and the copyrighted elements therein, in Canada, where, a significant number of users of the relevant infringing sites owned, operated, published and/or hosted by of the Defendants reside.

57. Defendants have willfully infringed, and unless enjoined, will continue to infringe X17's Canadian copyrights in violation of the Copyright Act, § 34 *et seq.*, by knowingly reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized derivative versions of the Copyrighted Works and the copyrighted elements therein.

58. Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization for the purposes of trade and promotion of derivative versions of the Copyrighted Works and the copyrighted elements therein.

59. All of the Defendants' acts are and were performed without the permission, license, or consent of X17.

60. The said wrongful acts of Defendants have caused, and continue to cause, great injury to X17, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, X17 will suffer irreparable injury, for which it is without an adequate remedy at law. Accordingly, X17 seeks a declaration that Defendants are infringing X17's copyrights and an order under the Copyright Act, § 34 *et seq.*, enjoining Defendants from any further infringement of X17's copyrights.

61.     As a result of the acts of Defendants alleged herein, X17 has suffered and is suffering substantial damage in the form of loss of profits, injury to goodwill and reputation, and the dilution of the value of his rights, all of which are not yet fully ascertainable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests judgment against Defendants as follows:

1.     For an order permanently enjoining Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or engaging in any other form of dealing or transaction in, any and all products and services that infringe, contributorily infringe, or vicariously infringe upon Plaintiff's copyrights.

2.     For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), United Kingdom Copyright, Designs and Patent Act 1988 §§ 96(2) and 103 and Canadian Copyright Act, §§ 34 and 35.

3.     For an accounting of all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringe upon Plaintiff's copyrights pursuant to 17 U.S.C §§ 504 (a)(1) & (b), United Kingdom Copyright, Designs and Patent Act 1988 §§ 96(2) and 103 and Canadian Copyright Act, §§ 34 and 35.

4.     For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c), statutory damages for copyright infringement, including willful infringement, in accordance with Canadian Copyright Act, § 38(1), and for costs, interest and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

5. For costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), United Kingdom Copyright, Designs and Patent Act 1988 §§ 96(2) and 103, and Canadian Copyright Act, §§ 34 and 35.

6. For any reasonable attorneys' fees incurred herein under United Kingdom Copyright, Designs and Patent Act 1988, §§ 96(2) and 103 and the Canadian Copyright Act.

7. For punitive damages under the United Kingdom Copyright, Designs and Patent Act 1988 § 97(2).

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: November 5, 2010            **ONE LLP**

By: _____
John Tehranian
Attorneys for Plaintiff, X17, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff X17, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: November 5, 2010           **ONE LLP**

By: _____
John Tehranian
Attorneys for Plaintiff, X17, Inc.